IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EMERALD CITY MANAGEMENT, L.L.C. and EMERALD CITY BANK, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 4:14-CV-358 |
| JORDAN KAHN and JORDAN KAHN MUSIC COMPANY, L.L.C., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**
**AND PRELIMINARY INJUNCTION**

Came on for consideration the report and recommendation of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 19, 2014, the report of the Magistrate Judge was entered recommending that the Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction (docket entry #2) be granted.

The court has made a *de novo* review of the following:

1. Defendants' objections to the report and recommendation of United States Magistrate Judge (docket entry #24);

2. Plaintiffs' response to Defendants' objections to the report and recommendation of United States Magistrate Judge (docket entry #26); and

3. Defendants' reply in support of objections to the report and recommendation of United States Magistrate Judge (docket entry #31).

The court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and

the objections are without merit as to the ultimate findings of the Magistrate Judge.

The court adopts the findings of fact of the Magistrate Judge and supplements the report and recommendation with certain additional facts. According to the testimony presented at the injunction hearing and the exhibits attached to the moving papers, Defendant Jordan Kahn ("Kahn") began using the name "Downtown Fever" in 2006. Kahn claims common law trademark rights to the "Downtown Fever" name. In August 2009, Kahn began working for Plaintiff Emerald City ("Emerald City"), initially as an independent contractor and then as an employee. In May 2011, during Kahn's tenure with Emerald City, Emerald City completed an "Application for Registration of Trademark or Service Mark" with the Office of the Secretary of State for the state of Texas for the Downtown Fever mark. In the application, Emerald City stated that the mark was first used by Emerald City in Texas in 2009 and anywhere else in 2005. A certificate of trademark or service mark registration for Downtown Fever was issued by the state of Texas on June 13, 2011. It appears that Kahn was aware of Emerald City's application for and receipt of the trademark registration in the state of Texas. Downtown Fever is not a federally registered mark.

On May 28, 2014, Kahn resigned his position with Emerald City. Kahn, however, has attempted to market his own Downtown Fever band in the state of Texas in direct competition with Emerald City's Downtown Fever band. As such, Emerald City has moved for a temporary restraining order and preliminary injunction.

The court adopts the conclusions of the Magistrate Judge along with certain additional conclusions. The Magistrate Judge set forth the four factors the movant must establish for a preliminary injunction to be granted. With respect to the second factor (irreparable injury), "a leading treatise states, 'All that must be proven to establish liability and the need for an injunction

against infringement is the likelihood of confusion – injury is presumed.'" *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013), quoting 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:2 (4th ed. 2001). "[W]hen identical marks are used in the same geographic area for the same class of goods or services, likelihood of confusion is presumed." *Solutech, Inc. v. Solutech Consulting Services, Inc.*, 153 F. Supp. 2d 1082, 1088 (E.D. Mo. 2000) (citations omitted). Since the parties are using the identical mark, Downtown Fever, in Texas, a likelihood of confusion in Texas is presumed. *See id*.

Further, "where a common law owner of a mark pre-dates use of the mark by the registrant, the senior user is entitled only to those areas where it had market penetration prior to the junior user and prior to the date of the junior user's registration." *Id*. at 1089 (citation omitted). As noted by the Magistrate Judge, Kahn first used the mark in Boston. While Kahn argued that his band played at a club in Texas in 2008, the club was a client of Emerald City and Emerald City was responsible for the booking. Accordingly, Kahn did not have market penetration in Texas prior to Emerald City's market penetration in Texas or prior to the date Emerald City registered the mark. Based on the foregoing, the Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction (docket entry #2) is hereby **GRANTED**.

**IT IS HEREBY FURTHER ORDERED THAT:**

1. The Kahn Defendants shall cease and desist from using the name Downtown Fever in the state of Texas, including but not limited to, promotion and performance activities;

2. Any websites or hosting sites shall not list Kahn's Downtown Fever band as performing in the state of Texas;

3. Kahn may not contact customers of Emerald City to promote his Downtown Fever band in the state of Texas;

4. Kahn shall cease and desist from using Emerald City's confidential business information; and

5. Nothing herein shall prevent Kahn from using the mark outside the state of Texas.

**IT IS FURTHER ORDERED THAT** this Preliminary Injunction shall become effective immediately and remain in effect, unless otherwise modified by an order of this court.

**IT IS FINALLY ORDERED THAT** this Preliminary Injunction shall remain secured by the bond previously posted by Emerald City on June 25, 2014 with the clerk of the court in the sum of $10,000.00, in order to secure the payment of any costs and damages that may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

IT IS SO ORDERED.

**SIGNED this the 1st day of August, 2014.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE