IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EMERALD CITY MANAGEMENT, L.L.C. AND EMERALD CITY BAND, INC. | § § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | Civil Action No. 4:14-cv-00358 |
| JORDAN KAHN AND JORDAN KAHN MUSIC COMPANY, L.L.C. | § § § § | |
| *Defendants*. | § § § | |
| JORDAN KAHN | § § § | |
| *Third-Party Plaintiff/Counter-Plaintiff*, | § § § | |
| v. | § § § | |
| DEAN "DENO" TAGLIOLI, EMERALD CITY BAND, INC. AND EMERALD CITY MANAGEMENT, L.L.C. | § § § § § | |
| *Third-Party Defendant and Counter-Defendants*. | § § § | |

**PLAINTIFFS'/COUNTER-DEFENDANTS'/THIRD-PARTY DEFENDANT'S
MOTION TO STRIKE DEFENDANT'S/COUNTER-PLAINTIFF'S/THIRD-PARTY
PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs/Counter-Defendants Emerald City Management, L.L.C. and Emerald City Band, Inc. and Third-Party Defendant Dean Taglioli **(collectively, the "Movants")** file their Motion to Strike Defendant's/Counter-Plaintiff's/Third-Party Plaintiff's Supplemental Expert Report and, would respectfully show the court as follows:

## I.
## Procedural Background.

This case is set for a Jury Trial on February 22, 2016. The deadline for the Defendants to designate experts and serve expert reports was July 31, 2015.[1]

On July 31, 2015, Defendant/Counter-Plaintiff/Third Party Plaintiff Jordan Kahn **("Kahn")** served his expert report of Drew D. Mooney related to Kahn's alleged damages on his alleged claims of fraudulent inducement and trademark infringement.[2]

On February 1, 2016, at 6:35 p.m., just 22 days prior to trial, Kahn served his so called "supplemental" expert report of Mr. Mooney.[3] That supplemental expert report was 102 pages long and contained entirely new opinions not contained in the original expert report. Kahn did not seek leave of Court to supplement Mr. Mooney's expert report.

By way of this Motion, Movants' move to strike the supplemental expert report of Mr. Mooney as untimely and to prevent him from testifying as to any matter contained in his supplemental expert report pursuant to Federal Rules of Civil Procedure 26(e)(2) and 37(c)(1).

## II.
## Law and Argument

Mr. Mooney's so called "supplemental" expert report is really not a supplement. Instead, it presents entirely new opinion based upon new theories of damages and, as a result, constitutes the rendering of a new expert report. See, e.g., Garza v. Allstate Tex. Lloyd's Co., 284 Fed. Appx. 110, 112, 2008 U.S. App. LEXIS 2626, *3 (5th Cir. 2008)("supplementing" does not encompass raising new matter); GE Capital Bus. Asset Funding Corp. v. S.A.S.E. Military Ltd., 2004 U.S. Dist. LEXIS 30713, *7, 2004 WL 5495589 (W.D. Tex. Oct. 8, 2004). The deadline for Kahn to serve expert reports was July 31, 2015. Kahn did not serve this new expert report

---

[1] Dkt. # 87.
[2] Expert Report of Drew D. Mooney, July 31, 2015, submitted In Camera as Exhibit "A".
[3] Supplemental Expert Report of Drew D. Mooney, February 1, 2016, submitted In Camera as Exhibit "B".

until February 22, 2016, just 22 days prior to trial. Kahn never sought leave of Court to serve that expert report out of time. Therefore, this Court should strike this new expert report as untimely.

Moreover, Mr. Mooney's new expert report was untimely even if considered a supplemental expert report. In this regard, supplemental expert reports must be disclosed at least thirty days before trial "unless the court orders otherwise." FED. R. CIV. P. 26(a)(3) & 26(e)(2). In this Court's scheduling orders, this Court did not specifically provide a deadline for supplementing an expert report.[4] As such, the deadline for Kahn to supplement his expert reports was 30 days before trial. See, *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421, 2012 U.S. Dist. LEXIS 6961, *24 (S.D. Tex. 2012).

Under Federal Rule of Civil Procedure 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." FED. R. CIV. P. 37(c)(1). This rule gives teeth to the Rule 26(a) disclosure requirements by forbidding, during any part of the case, the use of information required to be disclosed by Rule 26 that is not properly disclosed. The Advisory Committee Notes describe exclusion as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material . . . ." FED. R. CIV. P. 37, advisory committee's note (1993).

In determining whether a violation of Rule 26(a) is harmless, the trial court's discretion is to be guided by the consideration of four factors: (1) the explanation, if any, for the non-disclosing party's failure to comply with the discovery rule; (2) the prejudice to the opposing party by allowing the witnesses to testify; (3) the possibility of curing such prejudice by

---

[4] Dkt # 87 & 141.

granting a continuance; and (4) the importance of the witnesses' testimony. <u>Barrett v. Atlantic Richfield Co.,</u> 95 F.3d 375, 380 (5th Cir. 1996). Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness. <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 2001 WL 883708 (9th Cir. 2001); <u>Wilson v. Bradlees of New England, Inc.,</u> 250 F.3d 10, 21 (1st Cir. 2001)("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 26] was either justified or harmless….").

Here, Kahn did not serve his supplemental expert report until 22 days prior to trial. As such, it was untimely. The failure to timely serve his supplemental expert report was not justified or harmless.

**1.      The explanation, if any, for Kahn's failure to comply with the discovery rule.**

When Kahn served his initial expert report on July 31, 2015, Mr. Mooney specifically stated that he did not have enough financial information to form any opinions in this case.[5] Yet, Kahn did not file any Motion for Leave to extend the deadline to serve his expert report. Instead, Kahn waited until February 1, 2016, at 6:35 p.m., just 22 days prior to trial, to serve Mr. Mooney's 122 page supplemental expert report.

In serving his supplemental expert report, Kahn did not offer any explanation for his failure to seek leave of court to extend the deadline for serving his expert report or to supplement it within 30 days of trial. Movants' anticipate, however, that Kahn will contend that his expert did not have sufficient financial records to issue his report on time because the Movants' did not produce that information until recently. A close examination of the timing of the Movants' production dispels that contention.

In this regard, at the time that Kahn served his original expert report, the parties were embroiled in a discovery dispute regarding the extent that Movants' had to produce their

---

[5] Exhibit "A", at p. 4-5.

financial records. On September 30, 2015, the Court resolved that discovery dispute by granting in part Kahn's Motion to Compel Production of Documents, ordering Movants' herein to produce the following documents within 28 days of that Order:

1. All financial statements, including balance sheets and income statements and profit and loss statements, of ECM and [ECB-Inc.] from 2007 to the present.

2. All tax returns of ECM, [ECB-Inc.] and Taglioli from 2007 to the present.

3. All reports generated by any accounting software, including accounts receivables reports, accounts payable reports and ledgers of ECM and [ECB-Inc.] from 2007 to the present.

4. All contracts involving performance booking and club gigs from 2007 to the present.[6]

On September 30, 2015, Movants' produced <u>all</u> the financial records which the Court ordered them to produce.[7] In doing so, that production included paper copies of the Movants' QuickBooks files. Despite that, Kahn then requested via email the production of the backup computer files for QuickBooks. Movants then produced that backup computer files for QuickBooks on October 8, 2015.[8]

On November 13, 2015, Kahn then took the Movants' corporate representative (Dean Taglioli) deposition related to the Movants' financial condition. Kahn's expert, Mr. Mooney, attended that deposition. After that deposition, Kahn requested via email additional financial records, including 1099's, bank statements, set lists, and Movants' Google Calendar.

On December 11, 2015, Movants produced their 1099's.[9] On January 11, 2016, at 1:26 p.m., Movants produced their bank statements, set lists, and Google Calendar.[10]

---

[6] Dkt. # 122.
[7] Transmittal Letter, September 30, 2015, attached hereto as Exhibit "C".
[8] Transmittal Letter, October 8, 2015, attached hereto as Exhibit "D".
[9] Transmittal Letter, December 11, 2015, attached hereto as Exhibit "E".
[10] Transmittal Letter, January 11, 2015, attached hereto as Exhibit "F".

As such, Kahn's expert had more than enough financial records to supplement his expert report within 30 days of trial, which given the fact that the 30th day fell on a Sunday, would have meant he had until January 25, 2016 to supplement his expert report. Kahn has not offered any explanation as to why his expert could not meet that deadline.

2.  **The prejudice to the Movant's by allowing the witnesses to testify.**

The Movants will suffer prejudice by allowing Kahn's expert to testify as to the matters set forth in Mr. Mooney's supplemental expert report. In this regard, that supplemental expert report contains 122 pages, including 25 exhibits with numerous excel spreadsheet references. Movants' expert, Paul French, given he is currently ill with pneumonia and acute sinus infection, estimates he will need at least 60 days to review and analyze Mr. Mooney's supplemental expert report and to issue his rebuttal expert report, and up to 90 days to be able testify at trial in rebuttal. The Movants also need to take Mr. Mooney's deposition related to his supplemental expert report. The Movants' need to obtain Mr. French's supplemental expert rebuttal report to help them prepare for and take Mr. Mooney's deposition.

As a result, Movants will be prejudiced by allowing Mr. Mooney to testify as to his supplemental expert report because Movants' rebuttal expert, Mr. French, will not be able to rebut Mr. Mooney's testimony at the present trial date. This puts the Movants at a distinct disadvantage because they will be unable to prepare an effective and efficient response to Kahn's expert's supplemental opinions, which is one of the goals for requiring timely disclosure of a Rule 26(a)(2) report.

**3.    The possibility of curing such prejudice by granting a continuance.**

The prejudice to Movants' can be cured by granting Movants' Emergency Motion for a Continuance which Kahn has opposed.[11]

**4.    The importance of the witnesses' testimony.**

Although Mr. Mooney's testimony may be important on Kahn's claim for damages, it should be given little weight. The importance of his proposed testimony as set forth in his supplemental expert report cannot singularly override the enforcement of the Federal Rules. Moreover, the importance of the testimony underscores how critical it was for Kahn to have timely supplemented Mr. Mooney's expert report.

### III.
### Conclusion

Mr. Mooney's "supplemental" expert report is really not a supplement but is an entirely new expert report served well beyond the deadline to serve expert reports, and without seeking leave of Court to do so. Moreover, to the extent Mr. Mooney's new expert report could be considered a "supplement", Mr. Mooney failed to supplement his expert report within 30 days of trial. It is therefore untimely, and the failure to timely serve the supplemental expert report was not justified or harmless.

Therefore, if the Court does not grant Movants' Emergency Motion for a Continuance, then the Court should strike Mr. Mooney's supplemental expert report and prevent him from testifying as to any of the mattes contained in his supplemental expert report. See, <u>GE Capital Bus. Asset Funding Corp. v. S.A.S.E. Military Ltd.,</u> 2004 U.S. Dist. LEXIS 30713, *5, 2004 WL 5495589 (W.D. Tex. Oct. 8, 2004)(Because defendants formulated a new expert report on damages and then failed to request leave of this Court to modify the scheduling order to

---

[11] Dkt. # 175.

supplement their expert report, the Court found grounds for its exclusion from admission as evidence).

Respectfully submitted,

*/s/ Robert Ruotolo*_____
Alan L. Busch
Texas Bar No. 03491600
*busch@buschllp.com*
Robert Ruotolo
Texas Bar Number 17398700
*ruotolo@buschllp.com*
Christopher M. Albert
Texas Bar No. 24008550
*albert@buschllp.com*

**BUSCH RUOTOLO & SIMPSON, LLP**
100 Crescent Court, Suite 250
Dallas, Texas 75201
Tel: 214-855-2880
Fax: 214-855-2871

Clyde Mooney Siebman
SIEBMAN BURG PHILLIPS
& SMITH LLP
300 N Travis St
Sherman, TX 75090
(903) 870-0070
Telefax (903) 870-0066
clydesiebman@siebman.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel of record on February 8, 2016.

*/s/ Robert Ruotolo*_____

## **CERTIFICATE OF CONFERENCE**

The undersigned counsel for the Movants personally conferred on February 4, 2016 via telephone and email with Casey Griffith, one of the attorneys for Jordan Kahn and Jordan Kahn Music Company, L.L.C., and he opposes this motion.

                                                  */s/ Robert Ruotolo*
                                                  Robert Ruotolo

Case 4:14-cv-00358-ALM Document 176 Filed 02/09/16 Page 9 of 9 PageID #: 4521

PLAINTIFFS'/COUNTER-DEFENDANTS'/THIRD-PARTY DEFENDANT'S MOTION TO STRIKE DEFENDANT'S/COUNTER-PLAINTIFF'S/THIRD-PARTY PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT     PAGE 9 OF 9